O

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| HAZEL CONNER AND SYTHERIA TUCKER, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. V-03-54 |
| CELANESE, LTD. | § § § | |
| Defendant. | § | |

## MEMORANDUM & ORDER

Pending before is Plaintiffs' Hazel Conner ("Conner") and Sytheria Tucker ("Tucker")[1] Motion to Reconsider the Court's Granting Summary Judgment on Plaintiffs' FLSA Wage Claim (Dkt. #101). Upon consideration of the motion, the response, and the applicable law, the Court is of the opinion that the motion should be denied.

### Factual and Procedural Background

The underlying factual background in this case was outlined in the Court's Memorandum & Order dated March 31, 2006 and for the sake of brevity will not be repeated here. On March 31, 2006, the Court granted in part and denied in part Defendant's Motion for Summary Judgment. More specifically, the Court granted summary judgment on Plaintiffs' claims brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and also on Tucker's claim for intentional infliction of emotional distress. However, the Court denied summary judgment on Plaintiffs' breach of contract claim. Plaintiffs now move the Court to to reconsider its ruling on

---

[1] Conner and Tucker may be referred to collectively as "Plaintiffs" throughout this Memorandum & Order.

Plaintiffs' FLSA claim.

## Discussion

Plaintiffs argue that Defendant's pay policy is a split-day plan of the type declared illegal by the Supreme Court in 1944. *See Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40, 65 S. Ct. 11, 13 (1944). In *Helmerich*, the defendant paid its employee a daily wage based upon the type of shift worked. *See id.* at 30, 65 S. Ct. at 12. The shifts and pay rates were dictated by the number of hours worked per shift. *Id.* In an effort to maintain the same wage levels after the FLSA's effective date, the defendant entered new contracts with its employees paying them based upon a "Poxon" or split-day plan. *Id.* Under this plan, each employee's hours were arbitrarily divided into two parts for purposes of applying hourly wage rates. *Id.* Using the defendant's 8-hour shift as a frame of reference, the first four hours worked of each 8-hour shift under the split-day plan were assigned a specified hourly rate which became the regular rate for employees working 8-hour shifts. *See id.* The remaining four hours of the shift were then considered overtime and called for payment at time-and-a-half the regular rate. *See id.* The regular and overtime hourly rates "were calculated so as to insure that the total wages for each tour would continue to be the same as under the original contracts, thereby avoiding the necessity of increasing wages or decreasing hours of work as the statutory maximum workweek of 40 hours became effective." *See id.* at 39, 65 S. Ct. at 12. Under this plan, an employee could not be credited with more than 40 hours of regular work until he or she worked 80 hours in one week. *Id.* at 39, 65 S. Ct. at 13. The Supreme Court held that the defendant's split-day plan was derived from mathematical manipulations and that it was inconsistent with the FLSA's statutory purpose. *Id.* at 40, 41, 65 S. Ct. at 13, 14.

Plaintiffs are misguided in their assertion that *Helmerich* entitles them to summary judgment

on their FLSA claim. The problem with the *Helmerich* defendant's pay policy was not the fact that the employees' total wages remained constant. In fact, the Supreme Court has held that an employer can comply with the FLSA by reducing the "regular" wage paid to its employees and pay overtime at one and one-half times the reduced regular rate such that the total amount paid to the employees remains the same. *Walling v. A. H. Belo Corp.*, 316 U.S. 624, 630, 62 S. Ct. 1223, 1226 (1942) ("[N]othing in the Act bars an employer from contracting with his employees to pay them the same wages that they received previously, so long as the new rate equals or exceeds the minimum required by the Act."). Indeed, the Court noted this in its initial Memorandum & Order granting summary judgment on Plaintiffs FLSA claim. The problem with *Helmerich* defendant's pay policy was that the regular rate did not actually represent the rate for regular "non-overtime hours" and it did not allow additional compensation for hours worked over 40 in a work week. As stated by Defendant, the net effect of the defendant's pay plan was to prevent the defendant's employees from working forty "regular" hours in a week thereby depriving them of overtime compensation until they had actually worked over 80 hours in a week.

Defendant's pay policy is distinguishable from that in *Helmerich*. Defendant did not arbitrarily divide each regular day into two equal parts for purposes of calculating and applying Plaintiffs' regular wage rate. *Compare Helmerich.*, 323 U.S. at 38, 65 S. Ct. at 12. Rather, Defendant paid an hourly rate for the first 8 hours worked in every 12-hour shift and then paid time-and-a-half for each hour worked over 8 hours. Defendant paid its employees in this matter not based upon an arbitrary division but because its employees working 12-hour shifts were required to work an additional four hours each working day. The fact that Defendant changed its wage rate so that employees working the 12-hour shifts would be paid the same total compensation as they did when

they worked an 8-hour shift does not constitute a per se violation of the FLSA.

## Conclusion

For the reasons explained above, the Court DENIES Plaintiffs' Motion to Reconsider the Court's Granting Summary Judgment on Plaintiffs' FLSA Wage Claim (Dkt. #101).

It is so ORDERED.

Signed this 6th day of June, 2006.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE