UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| HAZEL CONNER | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-03-54 |
| | § | (Jury Trial Demanded) |
| CELANESE, LTD. | § | |
| | § | |
| **Defendant** | § | |

## MEMORANDUM & ORDER

Defendant Celanese Ltd. filed a Bill of Costs with the Court on July 17, 2006 (Dkt. #168).

Plaintiff has filed an Objection to the Bill of Costs on several grounds (Dkt. #171). Plaintiff's

objections are SUSTAINED in part and OVERRULED in part as explained below.

### A.  General Rules Regarding The Taxing of Costs

"Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless

the court otherwise directs." FED. R. CIV. P. 54(d); *accord Corpus Christi Oil & Gas Co. v. Zapata*

*Gulf Marine Corp.*, 71 F.3d 198, 205 n.5 (5th Cir. 1995); *Interstate Contracting Corp. v. City of*

*Dallas*, 2002 U.S. Dist. LEXIS 1496, *2 (N.D. Tex. 2002).  Taxation of costs under Rule 54(d) is

a matter within the Court's discretion, although this discretion is limited by the express provisions

of 28 U.S.C. § 1920.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 443 (1987).

"The court may decline to award certain costs, but may not tax expenses that are not listed in §

1920." *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415,

417 (N.D. Tex. 1997); *accord* 28 U.S.C. § 1920; *Crawford Fitting Co.*, 482 U.S. at 441–42.  Thus,

a court may only tax the following as "costs":  (1) fees of the clerk and marshal; (2) fees of the court

reporter for all or any part of stenographic transcripts necessarily obtained for use in the case; (3)

fees for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts. 28 U.S.C. § 1920; *accord Crawford Fitting Co.,* 482 U.S. at 440; *Interstate Contracting Corp. v. City of Dallas*, 2002 U.S. Dist. LEXIS 1496, *2 (N.D. Tex. 2002). Allowable costs are limited to these categories, and expenses that are not authorized by statute must be borne by the party incurring them. *See Crawford Fitting Co.*, 482 U.S. at 441-42.

If the party being taxed has not specifically objected to a cost, the presumption is that the costs being sought were necessarily incurred for use in the case and will be taxed. *See Embotelladora*, 952 F. Supp. at 417 ("[I]n the absence of a specific objection, deposition costs will be taxed as having been necessarily obtained for use in the case."). However, once an objection has been raised, the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case rather than just spent in preparation and litigation of the case. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991); *Raspanti v. U.S. Dep't of the Army*, 2001 U.S. Dist. LEXIS 14610, *38 (E.D. La. 2001).

**B. Costs in V-03-054**

Plaintiff objects to the Defendant's Bill of Costs on several grounds. First, Plaintiff argues that Defendant is not the prevailing party for purposes of costs because the jury found a contract existed between the parties. This argument is without merit because the jury also found the contract had not been breached. The Fifth Circuit has stated: "The case must be viewed as a whole to determine who was the "prevailing party"; a party need not prevail on every issue in order to be entitled to costs." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Defendant ultimately prevailed in this case, and viewed as a whole, the Court concludes Defendant is the "prevailing

party" for purposes of costs.

Next, Plaintiff objects to the costs because the Defendant has failed to distinguish between the expenses used in the litigation against Plaintiff and the expenses used in preparation to defend against a previously dismissed plaintiff, Sytheria Tucker. (Dkt. #167).  The order dismissing Tucker stated each party was responsible for their own costs.  Plaintiff specifically objects to the amount of $614.97 for color copies as an expense incurred solely in the defense of Tucker's claim.  Once an objection has been raised, the party seeking costs bears the burden of demonstrating that the costs were necessarily incurred in the case.  *Fogleman,* 920 F.2d at 286.  In its application for costs, Defendant has satisfied the Court that the expenses incurred for the depositions and the trial exhibit copies, totaling $1,579.25, were costs necessarily obtained for use in the case.  However, Defendant has made no attempt to itemize which copying costs were necessarily obtained for use in the case versus those made for the convenience of counsel.  *Id.*   Nor has Defendant differentiated the copying costs incurred for use in defending Plaintiff's claim from the costs incurred in defending the Tucker claim.  *See Davis Mountains Trans-Pecos Heritage Assoc. v. United States Air Force*, 2003 WL 21251094, *2 (N.D. Tex. 2003).  Further, Defendant's application provides no facts or support to rebut Plaintiff's claim that $614.97 for color copies were used solely in defending the Tucker claim.  Because Defendant has failed to meet its burden over Plaintiff's objection for the copying costs, the Court will deduct $7,658.57 from the cost award.

Plaintiff also requests that the Court not rule on the issue of costs until after the Court has ruled on Plaintiff's motion for new trial.  However, this argument is no longer valid because the time has expired for Plaintiff to file a motion for new trial in this case.  Final judgment was entered on September 8, 2006. (Dkt. # 174).  Plaintiff had ten days from entry of final judgment to file a motion

3

for new trial, which it failed to do.  FED. R. CIV. PRO. 59(b).

## Conclusion

Accordingly, it is ORDERED that Defendant shall recover from Plaintiff $1,579.50 for the costs incurred in litigating this dispute.

It is so ORDERED.

Signed this 15th day of August, 2007.


JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE